**NICHOLAS & TOMASEVIC, LLP**
Craig M. Nicholas (SBN 178444)
Pro Hac Vice pending
Alex Tomasevic (SBN 245598)
Pro Hac Vice pending
225 Broadway, 19th Floor
San Diego, California 92101
Telephone:  (619) 325-0492
Facsimile:    (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: atomasevic@nicholaslaw.org

Attorneys for Plaintiffs

**LEWIS LAW FIRM, PLC**
Robert K. Lewis (SBN 016625)
Christopher A. Treadway (SBN 024171)
2302 N 3rd Street
Phoenix, Arizona 85004
Phone:  (602) 889-6666
Fax:      (602) 252-1446
rob@lewisandpokora.com
chris@lewisandpokora.com

Attorneys for Plaintiff

In association with:

**POKORA LAW, PLC**
Amy M. Pokora (SBN 027201)
2302 N 3rd Street
Phoenix, Arizona 85004
Phone:  (602) 889-6666
Fax:      (602) 252-1446
amy@lewisandpokora.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DAVID MELIAN; CHRISTOPHER GEORGE, on their own behalf and on behalf of all similarly situated individuals<br><br>Plaintiffs,<br><br>vs.<br><br>GLOCK, INC, an Georgia Corporation; GLOCK Ges.m.b.H, an Austrian entity; JOHN and JANE DOES I through V; ABC CORPORATIONS I-X, XYZ PARTNERSHIPS, SOLE PROPRIETORSHIPS and/or JOINT VENTURES I-X, GUN COMPONENT MANUFACTURERS I-V<br><br>Defendants. | CASE NO.:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**(1)  Arizona Consumer Fraud Act**<br>**(2)  Negligence;**<br>**(3)  Strict Products Liability;**<br>**(4)  Breach of Express Warranty;**<br>**(5)  Breach of Implied Warranty of Merchantability;**<br>**(6)  Failure to Warn/Disclose & Concealment / Misrepresentation;**<br>**(7)  Fraud;**<br>**(8)  Violation of Magnuson-Moss Act;** |

Plaintiffs DAVID MELIAN and CHRISTOPHER GEORGE brings this action against Defendants GLOCK, INC, an Georgia Corporation; GLOCK Ges.m.b.H, an Austrian entity; JOHN and JANE DOES I through V; ABC CORPORATIONS I-X, XYZ PARTNERSHIPS, SOLE PROPRIETORSHIPS and/or JOINT VENTURES I-X, GUN COMPONENT MANUFACTURERS I-V, and alleges as follows:

## INTRODUCTION

1.     Plaintiffs bring this class action on behalf of themselves, and all other individuals who own certain handguns (the "Class Guns") which were designed, manufactured, assembled, imported, and marketed by Glock Ges.m.d.H, and Glock, Inc., and distributed and sold throughout the United States.  For the purposes of the claims made herein, the Class Guns are considered an inherently dangerous commodity.

2.     All of the Class Guns contain at least one defect that renders the pistols unreasonably dangerous and unfit for their intended use.  Each gun contains a feed ramp that is too long and goes into the chamber causing a lack of chamber support for the round/casing which causes the force of a fired round to exert unreasonable pressures upon the round/casing in the 6 o'clock position (the "Unsupported Chamber Defect" or "Defect").  This defect creates a "blow out" or a "kaboom" which is a dangerous situation which causes the round/casing to separate and dislodge a piece of the casing at the 6 o'clock position.  Upon information and belief, and based on reasonable investigation, these defects will repeatedly and verifiably manifest in the Class Guns.

3.     The Glock Defendants promised by selling the Class Guns that the Class Guns were safe for ordinary use and did not contain any defects and were not unreasonably dangerous. This is not what the Glock Defendants designed, manufactured, sold, and distributed. In contrast to the Glock Defendants' promises, the Class Guns are defective and dangerous.

4.     The Glock Defendants' representations that the Class Guns are safe for use are deceptive and false, and the Class Guns were sold while omitting information that would be material to a reasonable consumer.

5.     In filing this lawsuit, Plaintiffs and the Classes Members do not disparage the Second Amendment's right to bear arms. Rather, Plaintiffs and the Classes Members seek to hold accountable the Glock Defendants for the design, manufacture, assembly, marketing, supply, warranty, distribution, misrepresentation, and sale of the Class Guns that are defective and unreasonably dangerous as described herein.  Instead of impinging upon the Second Amendment, this lawsuit is brought by and on behalf of individuals who have lawfully exercised their Second Amendment right to bear arms.

6.     The Class Guns are defective and unreasonably dangerous because the common design of the Class Guns will not prevent and has not prevented a "blow out" or a "Kaboom" which can, and does, result in personal injury.  The Defects result from the inadequate design, manufacturing, and testing of the Class Guns, and the continued failure of the Glock Defendants to remedy the Defects. The Defects have created an unreasonably dangerous situation for a person owning and/or possessing a Class Hand Gun, and have substantially reduced or eliminated completely, the value of the Class Guns.

7.     Despite actual knowledge of the Defects, the Glock Defendants have never remedied either Defect, have never issued an effective and complete warning to the public or recall of the Class Guns and the Glock Defendants continue to falsely represent to the public that the Class Guns are safe.  In fact, Glock is aware that individuals have been seriously injured as result of the Defects, and it is only a matter of time before more individuals are seriously injured or killed.

8.     At all times relevant to this action, the Glock Defendants had a duty to disclose and warn Plaintiffs and Class Members truthfully and accurately, and not to conceal or misrepresent such truth, about the Defects. Notwithstanding this duty,

and in violation thereof, the Glock Defendants carelessly and negligently failed to disclose to and warn Plaintiffs and Class Members, and concealed and misrepresented the truth, about the Class Guns and the Defects.

9.      At all relevant times to this action, the Glock Defendants fraudulently concealed and intentionally failed to warn Plaintiffs and Class Members of the Defects with the intent to deceive the Plaintiffs, Class Members, and general public without knowledge of the Defects. The Glock Defendants falsely and fraudulently represented to Plaintiff and Class Members that their Class Guns were safe for normal and intended use, when in fact their Class Guns were not safe for normal and intended use.

10.      At all relevant times to this action, the Glock Defendants have willfully, knowingly, and/or recklessly committed unfair or deceptive acts or practices in Arizona for the express willful purpose of wrongfully concealing the Defects and their knowledge of it in violation of Arizona law.

11.      At all times relevant to this action, Defendants conspired among themselves and with others to conceal from the public, Plaintiffs, and Class Members, the Defects and Defendants' efforts to understate or misrepresent the nature of the risk created by the Defects.

12.      The Defects are latent defects and the Class Guns are defective in a way that would not be apparent to Plaintiffs and Class Members.  Further, the cause of the Defects originates from the common design and manufacture of the Class Guns and Plaintiffs and Class Members would not and could not know of the Defects by the exercise of reasonable diligence.

## **PARTIES**

13.     Plaintiff DAVID MELIAN is over the age of 21 and is a resident of Maricopa County. Mr. MELIAN owns a Class Gun, in particular, Glock Model 41, Gen 4, which was designed, manufactured, assembled, to be tested, marketed, imported, warranted, distributed, and sold by the Glock Defendants.  Unknown to Plaintiff at the time that he purchased his Class Gun, it was defective and unreasonably dangerous. Glock's unfair, unlawful, and deceptive conduct in designing, manufacturing, marketing, selling, the defective and dangerous Class Gun has caused Plaintiff out-of-pocket loss, loss of use, and future repair costs. Plaintiff purchased his Class Gun under the mistaken belief that it was free of defects and safe for use. Plaintiff selected and ultimately purchased his Class Gun because of the Glock's representations of safety and adequate design. Plaintiff would not have purchased the Class Gun had he been aware of the design defects and dangerous condition of the Class Guns. Plaintiff sought to purchase a hand gun that was safe and free of defects. Plaintiff did not get the benefit of his purchase because the product is defective and/or has the potential of being defective. Neither Glock nor any of its agents, distributors, or other representatives informed Plaintiffs or the Class Members of the existence of the defects or the dangerousness of using the Class Gun.  Mr. MELIAN's gun contains the same Unsupported Chamber Defect as all models with a similar feed ramp length and chamber design.

14.     Defendant Plaintiff CHRISTOPHER GEORGE is over the age of 21 and is a resident of Maricopa County.  Mr. GEORGE owns two Class Guns, in particular, Glock .40 caliber guns, that were designed, manufactured, assembled, to be tested, marketed, imported, warranted, distributed, and sold by the Glock Defendants. Unknown to Plaintiff at the time that he purchased his Class Guns, they was defective and unreasonably dangerous. Glocks unfair, unlawful, and deceptive conduct in designing, manufacturing, marketing, selling, the defective and dangerous Class Guns has caused Plaintiff out-of-pocket loss, loss of use, and future

repair costs. Plaintiff purchased his Class Guns under the mistaken belief that they were free of defects and safe for use. Plaintiff selected and ultimately purchased his Class Guns because of Glock's representations of safety and adequate design. Plaintiff would not have purchased the Class Guns had he been aware of the design defects and dangerous condition of the Class Guns. Plaintiff sought to purchase handguns that was safe and free of defects. Plaintiff did not get the benefit of his purchase because the product is defective and/or has the potential of being defective. Neither Glock nor any of its agents, distributors, or other representatives informed Plaintiffs or the Class Members of the existence of the defects or the dangerousness of using the Class Hand Guns. Mr. GEORGE's gun contains the same Unsupported Chamber Defect as all models with similar feed ramp length and chamber design.

15.     Mr. MELIAN's and Mr. GEORGE's guns possess the same Unsupported Chamber Defect as do all models with the with similar feed ramp length and chamber design.

16.     Defendant Glock Ges.m.b.H is an Austrian corporation that designs, manufactures, and test the Class Guns and other firearms in Austria under the "Glock" brand name and distributes the Class Guns and other firearms in Arizona Maricopa County, and throughout the United States under the "Glock" brand name via Defendants Glock, Inc.

17.     Defendant Glock, Inc. is a Georgia corporation that is licensed to and doing business in the State of Arizona and does business in Maricopa County.

18.     The Glock Defendants are so intertwined contractually for each other's liabilities that they are essentially one entity regarding the allegations in this Complaint.

19.     At all times herein mentioned, each of the Defendants were the agents and employees of each of the remaining Defendants and, in doing the things alleged, was at all times acting within the purpose, course, and scope of said agency or

employment with the knowledge, consent, permission, and subsequent ratification of each of the other Defendants. Defendants work jointly to target consumers in the State of Arizona and in this District for sales of the Class Guns and other products. Defendants jointly work directly with manufacturers, retailers, distributors, and other entities located in this district to effectuate the goal of marketing and selling the Class Guns in this District, to availing themselves to the benefits of the laws of Arizona and the County of Maricopa. Each Defendant is the alter-ego of the other, because the Defendants each share funds with one another, co-mingle business accounts, perform acts on one another's behalf, and engage in other acts indicative of a false separation between their corporate structure.

## **JURISDICTION AND VENUE**

20.    Jurisdiction is proper in this court under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2), because the amount in controversy exceeds $5,000,000, exclusive of interests and costs, there are more than one hundred members of the Class or classes, and diversity of citizenship exists between Plaintiff and Defendants. The named Plaintiffs are citizens of Arizona and none of the Glock Defendants are citizens of Arizona.  Defendants Glock Ges.m.b.H is an Austria corporation with their headquarters and/or principle place of business at P.O. Box 9, A-2232 Deutsch-Wagram, Austria.  Defendant Glock, Inc. is a Georgia corporation with its principle place of business at 6000 Highlands Parkway, Smyrna, GA 30082.

21.    The court may exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367, because those state law claims arise from a common nucleus of operative facts and it would be judicially inefficient to separate the claims.

22.    This Court has personal jurisdiction over Defendant Glock, Inc. because this Defendant is licensed to do and is doing business in the State of Arizona, and is subject to this jurisdiction.  Defendant Glock, Inc. engaged directly

and through their agents in systematic and ongoing business transactions in the State of Arizona and within this District, including but not limited to, the design, testing, manufacture, import, assembly, marketing, supply, warranty, distribution, misrepresentation, and sales of the Class Guns as other conduct in Arizona. Defendant Glock, Inc. intended to, and did, target consumers in the State of Arizona and in this District for sales of the Class Guns and other products. Defendant Glock, Inc. works directly with manufacturers, retailers, distributors, and other entities located in this district to effectuate its goal of marketing and selling the Class Guns in this District, and to avail itself to the benefits of the laws of Arizona and the County of Maricopa.

23. This Court has personal jurisdiction over Defendant Glock Ges.m.b.H because it has minimum contacts with the United States, this judicial district, and this State, and it intentionally availed itself of the laws of the United States and this state by conducting a substantial amount of business throughout the state, including the design, manufacture, distribution, testing, sale, lease, and/or warranty of Glock hand guns in this State and District. At least in part because of Defendant Glock Ges.m.b.H misconduct as alleged in this lawsuit, Class Guns were sold to ended up in possession of consumers in this District. Defendant Glock Ges.m.b.H also works directly with manufacturers, retailers, distributors, and other entities located in this district to effectuate its goal of marketing and selling the Class Guns in this District, and to avail itself to the benefits of the laws of Arizona and the County of Maricopa.

24. This Court also has personal jurisdiction over Defendant Glock Ges.m.b.H. directly and by and through its agents, including but not limited to, Defendant Glock, Inc., which has engaged in systematic and ongoing business transactions in the State of Arizona and within this District. Defendant Glock Ges.m.b.H, directly and by and through its agents, including but not limited to Defendant Glock, Inc., has had continuous and substantial business connections in the State of Arizona. Defendant Glock, Inc., for example, works directly with

1  manufacturers, retailers, distributors, and other entities located in this district to

2  effectuate Glock Ges.m.b.H's goal of marketing and selling the Class Guns in this

3  District, and to avail itself of the benefits of the laws of Arizona and the County of

4  Maricopa.  Discovery will reveal even further contacts with the forum by the

5  Defendants as well as their purposeful availment of the laws and benefits of this

6  forum.

7       25.    Venue is proper in this Court under 28 U.S.C. § 1391 because:

8  (i) Defendants conduct substantial business in this District and have intentionally

9  availed themselves of the laws and markets of the United States and this District;

10  and/or (ii) many of the acts and transactions giving rise to this action occurred in

11  this District, including, inter alia, Glock's promotion, marketing, distribution and

12  sale of the Class Guns to Plaintiffs in this District. The Glock Defendants sell a

13  substantial number of Class Guns in this District, have distributor located

14  throughout this District, and the misconduct occurred in part in this District.

15  **GENERAL ALLEGATIONS**

16       26.    Per the Glock Defendants' website, Glock Ges.m.b.H began in 1981.

17  Glock's website boasts that "a profound series of engineering feats were on their

18  way to be realized . . . ." It goes on, "It is our way of thinking, a culture of

19  continuous improvement.  The 4th generation of the GLOCK "Safe Action"® pistol

20  brings revolutionary design changes to the world's most popular pistol." "The

21  continuous pursuit of perfection in every facet of design, engineering, and

22  manufacturing, has firmly established GLOCK pistols as the standard by which all

23  others are compared." The website identified "Glock Perfection," and states: "[O]ur

24  commitment to 'Perfection' remains steadfast: we will never compromise quality.

25  We will continue to invest tremendous resources in the technology and talent

26  necessary to improve our products wherever possible; and we will always strive to

27  deliver maximum customer satisfaction!" The Glock website also states: "Safe.

28

Simple. Fast. = Confidence."[1]

27.     The Glock Defendants openly represent to the public that their hand guns, including the effected models, and all guns with a similar chamber and feed ramp design are safe for use.  The reputation of the Glock Hand Guns, developed over the years, is that they will reliability fire any type of correct caliber round.

28.     The Class Guns are 1) Glock branded, and 2) semi-automatic. A semi-automatic pistol is a firearm which fires, extracts, ejects and reloads once for each pull and release of the trigger. The Class Guns include, but are not limited to the following models/series: Model 22, 22 Gen 4, 23, 23 Gen 4, 24, 27, 27 Gen 4, 35, 35 Gen 4, 35 Gen 4 MOS, 22 cut, 22 P, 23 cut, 23 P, 21 Gen 4, 21 SF, 30 Gen 4, 30s, 30 SF, 36, 41 Gen 4, 41 Gen 4 MOS, 37, 38, 39, 20 Gen 4, 20 SF, 29 Gen 4, 29 SF, and 40 Gen 4 MOS, all gun models with a similar chamber design and feed ramp length.

29.     Since the design of the Defects is common to all Class Guns and is defective in all Class Guns, the use and/or maintenance of the Class Guns by Plaintiffs and Class Members have no effect on the defective design of the Class Guns and the damages resulting from the defective design.

30.     The Class Guns have common latent design defects such that if the Class Guns work as designed they are still defective and Plaintiffs and Class Members would still be due relief.

31.     The Glock Defendants have knowingly manufactured, marketed, and sold thousands of defective Class Guns with the Defects to consumers throughout Arizona and the United States.

32.     Despite knowing about the Defects, the Glock Defendants consciously and intentionally decided not to recall and/or retrofit the defective Class Guns which they know are unreasonably dangerous and defective

33.     Despite the wealth of information Glock has regarding the defective

---

[1] https://us.glock.com/

design of the Class Guns as described herein, Glock has not undertaken any effort to inform the public and/or individuals who own Class Guns about the Defects, or to issue any recalls and replace and/or repair and/or retrofit the Class Guns.

34.     Plaintiffs filed this Class Action Complaint in order to seek declaratory relief and compensation for the damages of Plaintiffs and the proposed Class Members and to force the Glock Defendants to act as responsible corporate citizens by educating their customers, the lawful possessors of the Class Guns, and the public about the dangers of the Class Guns, repairing the Defects in the Class Guns, or paying to allow the Plaintiffs and the proposed Class to replace the Class Guns and/or repair and replace the Defects in the Class Guns on their own.

35.     The allegations in this Complaint are well-supported by the troublesome history of the Class Guns, the harmful, sometimes life-threatening, consequences of their use by consumers, as well as the Glock Defendants' continuing denial or failure to acknowledge the Defects. These critical facts about the Class Guns and the Defects have been hidden from the public by the Glock Defendants' pattern of concealing the Defects and refusing to warn the public despite the Glock Defendants' knowledge of the Defects.

36.     The Class Guns are defective and inherently dangerous, and Glock has known about the Defects for years, but has allowed the Class Guns to remain in the hands of unsuspecting gun owners to the imminent risk of harm to the owners of the Class Guns and the public.

## CLASS ALLEGATIONS

### ALLEGATIONS APPLICABLE TO BOTH CLASSES

37.     Plaintiffs re-allege & re-incorporate all preceding paragraphs.

38.     Certification of Plaintiffs' claims for class-wide treatment is appropriate because Plaintiffs can prove the elements of their claims on a class wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claim.

1    39.    This action satisfies the Classes action requirements of Federal Rule of

2    Civil Procedure 23.

3    40.    NUMEROSITY. The Classes is composed of thousands of persons across

4    the United States, the joinder of whom in one action is impractical. While the exact

5    number and identity of Class Members are not presently known, they can be

6    identified through the review of records in the Glock Defendants' possession,

7    custody and control, and/or through other formal discovery, including, but not

8    limited to, sales receipts, sales records, and registration records.  Plaintiffs are

9    informed and believe that thousands of Class Guns with the Defects have been

10   manufactured and sold in Arizona and throughout the United States. Consequently,

11   the individuals in the Classes are so numerous that the sheer number of aggrieved

12   persons makes joinder of all such persons impracticable, and the disposition of their

13   claims in a class action, rather than in individual actions, will benefit the parties and

14   the Court and is the most efficient and fair way to resolve the controversy.

15   41.    COMMONALITY. Defendants have engaged in a standardized course of

16   conduct that affects all Class Members.  The critical question of law and fact

17   common to all class members that will materially advance the litigation is whether

18   the Class Guns are inherently defective and dangerous for use. Furthermore, other

19   questions of law and fact common to the Classes exist as to all members and

20   predominate over any questions affecting only individual members include the

21   following:

22            a.  Whether the Glock Defendants engaged in the conduct alleged

23       herein;

24            b.  Whether the common design of the Class Guns as described is

25       defective;

26            c.  Whether the common design of the Class Guns as described is

27       defective because the feed ramp of the hand gun's chamber is too long and

28       extends into the chamber causes the chamber to lack adequate support for the

round/casing causing the force of a fired round to exert unreasonable pressures upon the round/casing in the 6 o'clock position.

d.  Whether the common design of the Class Guns as described is defective because the defects creates a "blow out" or "kaboom" which is a situation which causes the casing to fail, separate, a dislodge at the 6 o'clock position.

e.  Whether the Glock Defendants has been wrongfully and/or unjustly enriched as a result of the conduct set forth in the Complaint;

f.  Whether Plaintiff and the Classes are entitled to equitable relief, including but not limited to restitution;

g.  Whether the design or manufacturing of the Class Guns can cause the Defects, and thus the Class Guns are not suitable for their intended use;

h.  Whether the Glock Defendants knew or should have known that the Class Guns were defective;

i.  Whether the Glock Defendants had a duty to Plaintiffs and the Classes to disclose the true nature of the Class Guns;

j.  Whether the Glock Defendants had a duty to recall the Class Guns;

k.  Whether the Glock Defendants falsely represented that the Class Guns were of a certain standard, quality, and grade, when in fact, they were not;

l.  Whether the Glock Defendants suppressed and concealed material information regarding the true characteristics and defective nature of the Class Guns;

m. Whether the Glock Defendants' false representations and suppression of the Defects was knowing, intentional, reckless, and/or malicious;

1    n.   Whether Plaintiff and the Class Members are entitled to

2    compensatory, statutory, punitive, exemplary, and/or other forms of damages,

3    and/or other monetary relief and, if so, in what amount;

4         o.   Whether the Glock Defendants breached their Express

5    Warranties to Plaintiff and the Classes;

6         p.   Whether the Glock Defendants were required to notify the

7    owners of Class Guns regarding the Defects and repair and/or retrofit the

8    Class Guns;

9         q.   Whether the Glock Defendants breached their Implied

10   Warranties to Plaintiff and the Classes; and

11        r.   Whether Plaintiff and the Classes members are entitled to an

12   order (1) permanently enjoining Glock from manufacturing, assembling,

13   importing, marketing, advertising, distributing, and selling Class Guns, (2)

14   and requiring Glock to recall all Class Guns, and (3) requiring Glock to

15   compensate Plaintiff and Class Members.

16        42.   ADEQUACY OF REPRESENTATION. Plaintiffs will fairly and adequately

17   protect the interests of the class members and have no interests antagonistic to those

18   of the Class. Plaintiffs have retained counsel and law firms that are experienced in

19   the prosecution of complex class actions.

20        43.   PREDOMINANCE & SUPERIORITY. The action is also appropriate for

21   certification because questions of law and fact common to the class members

22   predominate over questions affecting only individual members, and class treatment

23   is superior to other available methods for the fair and efficient adjudication of this

24   controversy, since individual joinder of class members is impracticable.  The

25   common liability issues in this Class Action may be resolved efficiently on a class-

26   wide basis.  Should individual Class Members be required to bring separate actions,

27   assuming Class Members were aware of the latent Defects, this Court and/or courts

28   throughout the nation would be confronted with a multiplicity of lawsuits burdening

the court system while also creating the risk of inconsistent rulings and contradictory judgments.  In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.  The common design Defects of the Class Guns are latent defects and the Class Guns are defective in a way that would not be apparent to Plaintiff and Class Members.  As a result, Class Members are unaware of the Defects and their claims against Defendants as a result of the latent Defects; therefore, without notice of the Defects, a failure of justice will occur in the absence of a class action.

44.     Plaintiffs, therefore, seek certification of the following nationwide class:

### THE NATIONWIDE CLASS

*All individuals in the United States, including the Arizona Class, who owned or currently own a Class Hand Gun.*

45.     The Nationwide Class excludes the Glock Defendants, their officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by the Glock Defendants, and their heirs, successors, assigns, or other persons or entities related to or affiliated with the Glock Defendants and/or their officers and/or directors, or any of them; the Judge assigned to this action, and any member of the Judge's immediate family; and persons who have suffered or claimed to have suffered physical injury as a result of a defective Class Gun.

46.     Plaintiffs also seek certification of the following sub-class of the Nationwide Class:

1
2

**THE ARIZONA SUB-CLASS**

3
4

*All individuals in Arizona who owned or currently own a*
*Class Hand Gun.*

5   47.   The Arizona Class excludes the Glock Defendants, their officers,

6 directors, agents, trustees, parents, children, corporations, trusts, representatives,

7 employees, principals, servants, partners, joint ventures, or entities controlled by the

8 Glock Defendants, and their heirs, successors, assigns, or other persons or entities

9 related to or affiliated with the Glock Defendants and/or their officers and/or

10 directors, or any of them; the Judge assigned to this action, and any member of the

11 Judge's immediate family; and persons who have suffered or claimed to have

12 suffered physical injury as a result of a defective Class Gun.

13   **ESTOPPEL & STATUTES OF LIMITATIONS**

14   48.   The Glock Defendants are estopped from relying on any statutes of

15 limitation or repose by virtue of their acts of fraudulent concealment, which include

16 the Glock Defendants' intentional concealment from Plaintiffs, Class Members, and

17 the general public that the Class Guns are defective, while continually marketing the

18 Class Guns with the Defects described herein.

19   49.   Given the Glock Defendants' affirmative actions of concealment by

20 failing to disclose this known but non-public information about the Safety Defects –

21 information over which the Glock Defendants had exclusive control – and because

22 Plaintiff and Class Members therefore could not reasonably have known that the

23 Class Guns were defective, Defendants are estopped from relying on any statutes of

24 limitations or repose that might otherwise be applicable to the claims asserted

25 herein.

26
27
28

# CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### VIOLATION OF THE ARIZONA CONSUMER FRAUD ACT
### BY THE ARIZONA SUB-CLASS AGAINST ALL DEFENDANTS

50.     Plaintiffs reallege & re-incorporate all preceding paragraphs.

51.     This claim is brought by Plaintiffs on behalf of all members of the Arizona Sub-Class.

52.     The Arizona Consumer Fraud Act (Arizona CFA) provides that "[t]he act, use or employment by any person of any deception, deceptive act or practice, fraud . . . , misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale . . . of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice." A.R.S. § 44-1522(A).

53.     Defendants, Plaintiffs, and Class members are "persons" within the meaning of A.R.S. § 44-1521(6).

54.     Each Class Gun at issue is "merchandise" within the meaning of A.R.S. § 44-1521(5).

55.     Defendants' conduct, as set forth above, occurred in the conduct of trade or commerce.

56.     Pursuant to the Arizona CFA, Plaintiffs seek monetary relief against each Defendant in an amount to be determined at trial.  Plaintiffs also seek punitive damages because each Defendant engaged in aggravated and outrageous conduct with an evil mind.

57.     Plaintiffs also seek an order enjoining each Defendant's unfair, unlawful, and/or deceptive practices, attorneys' fees, and any other just and proper relief available under the Arizona CFA.

**SECOND CAUSE OF ACTION**
**NEGLIGENCE**
**BY THE ARIZONA SUB-CLASS AGAINST ALL DEFENDANTS**

58.     Plaintiffs re-allege & re-incorporate all preceding paragraphs.

59.     The Glock Defendants had the duty to exercise that degree of care that a reasonably prudent firearm manufacturer and/or distributor should use in the design, testing, selection, manufacture, assembly, marketing, supply, distribution and sales of Class Guns.  Notwithstanding this duty, and in violation thereof, the Glock Defendants negligently and carelessly designed, tested, selected, manufactured, assembled, marketed, supplied, distributed, and sold Class Guns with the Defects.

60.     As a direct and proximate cause of the Glock Defendants' negligent conduct, individuals who own a Class Gun are exposed to a substantial, clear, and unreasonable risk of serious injury or death.

61.     Plaintiffs, on behalf of themselves, and the Arizona Sub-Class, demand judgment against the Glock Defendants for compensatory damages for themselves and each member of Class, for the establishment of a common fund, plus attorneys' fees, interest and costs.

**THIRD CAUSE OF ACTION**
**STRICT PRODUCTS LIABILITY**
**BY THE ARIZONA SUB-CLASS AGAINST ALL DEFENDANTS**

62.     Plaintiffs re-allege & re-incorporate all preceding paragraphs.

63.     The Glock Defendants designed the Class Guns with the Defects, rendering the Class Guns inherently dangerous and creating a substantial, clear, extreme and unreasonable risk of serious injury or death to Plaintiffs and Class Members.  The Glock Defendants manufactured, assembled, marketed, distributed, and sold the Class Guns with the Defects.  The Class Guns were in the same defective condition due to the Safety Defects from the time they left the Glock Defendants' control until they reached the Plaintiffs and Class Members, all of whom use the Class Guns in the manner intended by the Glock Defendants.

64.     The Class Guns were sold in substantial and unreasonably dangerous condition to an extent beyond that which would be contemplated by the ordinary consumer, including, Plaintiffs and Class Members.

65.     As a direct and proximate result of the facts alleged above, Plaintiffs and Class Members are exposed to a clear, substantial, and unreasonable risk of serious injury or death from the Defects and the Class Guns.

66.     The Glock Defendants are strictly liable in tort for all injuries, damages, and losses that have or may result Defects of the Class Guns, and for the cost of rendering the Class Guns safe.

67.     Plaintiffs, on behalf of themselves, and the Arizona Sub-Class, demand judgment against the Glock Defendants for compensatory and punitive damages for themselves and each class member, for the establishment of a common fund, plus attorneys' fees, interest and costs.

**FOURTH CAUSE OF ACTION**
**BREACH OF EXPRESS WARRANTY**
**BY THE ARIZONA SUB-CLASS AGAINST ALL DEFENDANTS**

68.     Plaintiffs re-allege & re-incorporate all preceding paragraphs.

69.     The Glock Defendants provide with each of the Class Guns express warranties that are made to every owner of a Class Guns, including Plaintiffs and Class Members. The Glock Defendants have memorialized these express warranties in writing. These are written documents that are provided with the Class Guns and/or are also published on the public.

70.     The Glock Defendants breached the express warranties and as a result of the Glock Defendants' breach of these express warranties, Plaintiffs and Class Members have been damaged.

71.     Plaintiffs and Class Members are the express beneficiaries of the express warranties. To the extent required by law, the Glock Defendants have expressly waived privity of contract as a requirement to the enforceability of any of their express warranties.

72.     Notwithstanding these express warranties, and in breach thereof, the Glock Defendants designed the Class Guns with the Unsupported Chamber Defect, which rendered the Class Guns in breach of the express warranties, unmerchantable, nonconforming, and unsafe for normal use and created a clear, substantial, and unreasonable risk of serious injury or death to Plaintiffs and Class Members.

73.     The breach of the express warranties is a proximate cause of the Plaintiffs' and the Classes Members' injuries and the warranties have failed in their essential purpose.

74.     Plaintiffs, on behalf of themselves, and the Classes, demand judgment against the Glock Defendants for compensatory damages for themselves and each member of the Class, for the establishment of a common fund, plus attorneys' fees, interest and costs.

**FIFTH CAUSE OF ACTION**
**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
**BY THE ARIZONA SUB-CLASS AGAINST ALL DEFENDANTS**

75.     Plaintiffs re-allege & re-incorporate all preceding paragraphs.

76.     At all times mentioned herein, the Glock Defendants designed, manufactured, marketed, distributed, and sold the Class Guns with the Defects, and prior to ownership of the Class Guns by Plaintiffs and Class Members, the Glock Defendants impliedly warranted to Plaintiffs and Class Members that the Class Guns were of quality and fit for the use for which they were intended, that the Class Guns were merchantable, would operate effectively, were safe for normal use, suitable for the ordinary and usual purposes for which they were intended, and would not create an unreasonable risk of injury to consumers.

77.     Plaintiffs and Class Members, in owning and/or using the Class Guns, relied upon the skill and judgment of the Glock Defendants.

78.     The Class Guns are unfit for their intended use and are not of merchantable quality, as warranted by the Glock Defendants, in that they had and/or

1  have the propensities to fail to perform due to the unsupported chamber and the

2  inadequate round/casing support.

3       79.   The Glock Defendants designed and manufactured the Class Guns with

4  the Defects. The Glock Defendants designed, manufactured, marketed, distributed,

5  and placed the Class Guns into the stream of commerce knowing and expecting that

6  the Class Guns would be used by consumers and around the general public and by

7  distributing the Class Guns, Glock impliedly represented to Plaintiffs and Class

8  Members that the Class Guns were merchantable, would operate effectively, were

9  safe for normal use, suitable for the ordinary and usual purposes for which they

10  were intended, and would not create an unreasonable risk of injury to consumers.

11       80.   The Glock Defendants were on notice of the breach of implied

12  warranties at the time the Class Guns were manufactured and distributed by Glock.

13  The Glock Defendants knew, or should have known about the Defects.

14       81.   The Glock Defendants failed to provide an adequate remedy and

15  caused their implied warranties to fail of their essential purpose, thereby permitting

16  remedy under the implied warranties to Plaintiffs and others similarly situated.

17       82.   As a direct and proximate result of the breach of said warranties,

18  Plaintiffs and Class Members have suffered and will continue to suffer a loss as

19  alleged herein in an amount to be determined at trial.

20       83.   Plaintiffs, on behalf of themselves and all others similarly situated,

21  demand judgment against the Glock Defendants for compensatory damages for

22  themselves and each class member, for the establishment of a common fund, plus

23  attorneys' fees, interest and costs.

24  
       **SIXTH CAUSE OF ACTION**
       **FAILURE TO WARN/DISCLOSE & CONCEALMENT / MISREPRESENTATION**
25     **BY THE ARIZONA SUB-CLASS AGAINST ALL DEFENDANTS**

26       84.   Plaintiffs re-allege & re-incorporate all preceding paragraphs.

27       85.   The Class Guns are an inherently dangerous commodity and the Glock

28  Defendants at all times relevant had a duty to disclose to and warn Plaintiffs and

Class Members truthfully and accurately, and not to conceal or misrepresent such truth, about the Defects, and a duty to provide a fair and adequate warning of the dangerous potentiality of the Class Guns due to the Defects.

86.     By the Glock Defendants designing, manufacturing, failing to test, marketing, distributing, and placing an inherently dangerous commodity such as the Class Guns in the channels of trade, then by the very nature of their commercial activity, the Glock Defendants have a duty to provide a fair and adequate warning of the dangerous potentiality of the Class Guns due to the Defects.

87.     The Glock Defendants could foresee that the Class Guns, due to the latent Defects, posed a clear, substantial and unreasonable risk of personal injury and death. The proper measure of duty for the Glock Defendants in designing, manufacturing, testing, selling, marketing, and distributing an inherently dangerous commodity such as the Class Guns is the reasonable foreseeability that serious injury or death might result from the use of the commodity.

88.     Notwithstanding this duty, and in violation thereof, the Glock Defendants carelessly and negligently failed to disclose to and warn Plaintiffs and Class Members, and concealed and misrepresented the truth, about the latent Defects which posed a clear, substantial and unreasonable risk of personal injury and death.

89.     Because Plaintiffs and Class Members did not have an equal opportunity to discover such truth about the Glock Defendants' defectively designed Class Guns, Plaintiffs and Class Members own and/or use the Class Guns in the reasonable, but, unbeknownst to them, false belief they were fit for use, merchantable, and reasonably safe for their intended purposes.

90.     Because the Class Guns were not in fact fit for use, merchantable, and reasonably safe for their intended purposes, and because of the Glock Defendants' negligent failure to disclose and warn and their concealment and misrepresentation of such facts, as a direct and proximate result Plaintiffs and Class Members have

1  been exposed to a clear, substantial and unreasonable risk of serious injury and
2  death.

3        91.    Plaintiffs, on behalf of themselves, and the class members, demand
4  judgment against Glock for damages for themselves and each class member, for the
5  establishment of a common fund, plus attorneys' fees, interest and costs.

6                                      **SEVENTH CAUSE OF ACTION**
                                               **FRAUD**
7           **BY THE ARIZONA SUB-CLASS AGAINST ALL DEFENDANTS**

8        92.    Plaintiffs re-allege & re-incorporate all preceding paragraphs.

9        93.    The Glock Defendants fraudulently concealed and intentionally failed
10  to warn Plaintiffs and Class Members of the Defects with the intent to deceive
11  Plaintiffs and Class Members into ownership and/or use Class Guns without
12  knowledge of the Defects which poses a clear, substantial and unreasonable risk of
13  personal injury and death.

14        94.    The Glock Defendants falsely and fraudulently represented to Plaintiffs
15  and Class Members that their Class Guns were safe for normal use.

16        95.    Plaintiffs and Class Members reasonably and justifiably relied on the
17  Glock Defendants' false and fraudulent representations, and on the Glock
18  Defendants' deliberate silence, concerning the highly significant and material fact
19  that the Class Guns were not safe for normal use, as a result of which, to their
20  detriment, they elected to own and/or use Class Guns without knowledge of such
21  fact. There were no reasonable means for Plaintiffs or Class Members to make
22  themselves aware of such fact, since the Glock Defendants have retained tight
23  control of the relevant information concerning the Defects.

24        96.    As a direct and proximate result of the Glock Defendants' fraudulent
25  conduct, of both commission and omission, Plaintiffs and Class Members have been
26  exposed to a clear, substantial and unreasonable risk of personal injury and death
27  during their lawful possession and normal use of their Class Guns.

28

97.     Plaintiffs, on behalf of themselves, and the Classes, demand judgment against the Glock Defendants for compensatory and punitive damages for themselves and each class member, for the establishment of a common fund, plus attorneys' fees, interest and costs.

**EIGHTH CAUSE OF ACTION**
**VIOLATIONS OF THE MAGNUSON-MOSS ACT**
**BY THE NATIONWIDE CLASS, INCLUDING THE ARIZONA SUB-CLASS, AGAINST ALL DEFENDANTS**

98.     Plaintiffs re-allege & re-incorporate all preceding paragraphs.

99.     Magnuson-Moss Consumer Products Liability Act, 15 U.S.C §2301, et seq. ("MMCPWA" or the "Act") provides a private right of action to purchasers of consumer products against retailers who, *inter alia*, fail to comply with the terms of a written warranty, express warranty and/or implied warranty.

100.    Plaintiffs and all members of both classes are "consumers" as defined in U.S.C. § 2301(3).

101.    The Class Guns are "consumer products" as defined in 15 U.S.C. § 2301(1).

102.    Defendants are "warrantors" as defined in 15 U.S.C. § 2301(5).

103.    Defendants provided Plaintiffs and class members with "written warranties" within the meaning of 15 U.S.C. § 2301(6).

104.    These warranties include the warranties described in the preceding paragraphs and incorporated here by reference.

105.    Defendants have failed to remedy the Defects despite knowledge of its dangerous condition.

106.    Defendants have been given a reasonable opportunity by Plaintiffs and other members of both Classes to cure such failures and to comply with the warranty yet have repeatedly failed to so.

107.    Plaintiffs and the other members of the Classes have suffered damages as a direct and proximate result of Defendants' breaches of warranty.

108.   As demonstrated above, Defendants failed to comply with the terms of their warranties—written, express and implied—regarding the Class Guns that they manufactured, advertised, distributed, marketed and/or sold.

109.   Given the foregoing, Plaintiffs and other class entitled to an award of damages and other appropriate relief, including attorneys' fees.

## **PRAYER FOR RELIEF**

Plaintiffs, on behalf of themselves and all others similarly situated, pray for a judgment against the Glock Defendants as follows:

1.      an Order certifying this action to proceed as a class action, and naming Plaintiffs as the representatives for the class and sub-class, their counsel as class counsel;

2.      an award in favor of Plaintiffs and all class members that includes compensatory, exemplary or punitive damages, treble damages, and statutory damages, including interest thereon, in an amount to be proven at trial;

3.      an award in favor of Plaintiffs and class members for compensatory damages that includes the cost of repair, replacement or modification of the Defects to render safe the Class Guns;

4.      Declaring that the Glock Defendants are financially responsible for notifying all Class Members of the Defects with the Class Guns;

5.      an Order enjoining the Glock Defendants from further deceptive advertising, marketing, distribution, and sales practices with respect to the Class Guns and requiring the Glock Defendants to repair and/or replace Plaintiffs' Class Guns and Class Members' Class Guns with a suitable alternative pistol of Plaintiff's and Class Members' choosing.

6.      Declaring that the Glock Defendants must disgorge, for the benefit of all class members, all or part of the ill-gotten profits received from the sale of the Class Guns, or order the Glock Defendants to make full restitution to Plaintiffs and Class Members.

7.    an Order permanently enjoining the Glock Defendants from continuing to engage in the unlawful and inequitable conduct alleged herein;

8.    Granting Plaintiffs and class members all equitable remedies permitted by law against the Glock Defendants;

9.    an award of attorneys' fees and costs, as allowed by law;

10.    an award of pre-judgment and post-judgment interest, as provided by law;

11.    leave for Plaintiffs and the class members to amend the Complaint to conform to the evidence produced at trial; and

12.    such other relief against the Glock Defendants as the Court may deem just and proper under the circumstances and applicable law.

## **DEMAND FOR JURY TRIAL**

Plaintiffs respectfully request a jury on all triable issues.

DATED this _1st_ day of August, 2019.

**LEWIS LAW FIRM, PLC**

By: _/s Robert K. Lewis_____

Robert K. Lewis
Christopher Treadway
*Attorneys for Plaintiffs*

In association with:

**POKORA LAW, PLC**

Amy M. Pokora
*Attorney for Plaintiffs*

In association with:

**NICHOLAS & TOMASEVIC, LLP**

Craig M. Nicholas
Alex Tomasevic


Attorneys for Plaintiffs

CLASS ACTION COMPLAINT